## CRAWFORD v. DIXON et al., Appellants.

### Division Two, January 17, 1902.

**Appellate Jurisdiction:** AMOUNT INVOLVED $3,795. Although appeal was taken prior to the Act of 1901, which gave the Courts of Appeals jurisdiction of appeals in cases involving not to exceed $4,500, yet if the case was not submitted when that act went into effect, it will be transferred to the proper Court of Appeals.

Appeal from Cedar Circuit Court.—*Hon. D. P. Stratton, Judge.*

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*J. P. Veerkamp, J. E. Stephens* and *Rechow & Pufahl* for appellants.

*W. W. Younger* and *Cole & Burnett* for respondent.

GANTT, J.—This is a bill in equity by plaintiff to set aside certain allowances against the estate of Zimri Dixon, and to perpetually enjoin the defendants and each of them from selling or offering to sell or taking any further steps to sell the lands of which said Zimri Dixon died seized to satisfy said allowances. The bill charges the said allowances were based upon false and fictitious claims and were fraudulently obtained. Judgment went for plaintiff in the circuit court and defendants appealed to this court. The bill charges a conspiracy and that the allowances aggregated $3,795, which constitute the amount involved.

When this appeal was taken it was properly returnable to this court, but as the Act of March 20, 1901, increasing the jurisdiction of the Courts of Appeals to cases where the amount in dispute, exclusive of costs, shall not exceed four thousand five hundred dollars, provided that all cases now pending in the Supreme Court which had not been submitted and which by the terms of said act came within the jurisdiction of the Courts of Appeals should be certified and transferred to the proper Court of Appeals, and whereas this case was not submitted until this October term, 1901, of this court, and the amount involved does not exceed $4,500, and there being no other ground upon which this court can assert jurisdiction over this appeal, it is ordered to be certified and transferred to the Kansas City Court of Appeals.

All concur.